**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

```
JULIO CESAR PEREZ,            :
                              :    Civil Action No. 08-3361 (NLH)
          Plaintiff,          :
                              :
     v.                       :    OPINION
                              :
WARDEN GRONOLSKY, et al.,     :
                              :
          Defendants.         :
```

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Julio Cesar Perez
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640


**HILLMAN**, District Judge

    Plaintiff Julio Cesar Perez, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), alleging violations of his constitutional rights.[1]  Based on his

---

[1] This Court previously entered an Order [2] administratively terminating this matter, for failure to pre-pay the filing fee or to submit a complete application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, and granting Plaintiff leave to move to re-open this matter by complying with the filing fee requirement.  This matter is again before the Court upon Plaintiff's submission of an Application [3] for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will order the Clerk to re-open this matter, grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that several physician's assistants in the medical department at the Federal Correctional Institution at Fort Dix misdiagnosed his condition over a period of several months. Eventually, his appendix ruptured and he was taken to St. Francis Medical Center for surgery. Plaintiff alleges that the surgeon at St. Francis Medical Center punctured his intestines, causing extensive internal damage and pain. Plaintiff alleges that medical personnel at FCI Fort Dix again misdiagnosed his conditions for an extensive period of time, causing him extreme pain. Eventually, he was again taken to St. Francis Medical Center for additional surgeries. Plaintiff

alleges that he has suffered permanent physical damage as a result of the delayed and deficient medical treatment he received.

Plaintiff alleges claims under the Eighth Amendment against FCI Fort Dix Warden Gronolsky, and FCI Fort Dix medical personnel F. Leibel, Mr. Espisito, M. Magullon, M. Calaquio, A. Elias, F. Grostkowski, and E. Richardson (the "Fort Dix Defendants").  He asserts pendent state law claims for medical negligence against St. Francis Medical Center.

Plaintiff seeks compensatory and punitive damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all

3

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   Bivens v. Six Unknown Agents

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).

### IV.   ANALYSIS

No action may be brought by a prisoner with respect to prison conditions unless the prisoner has exhausted available administrative remedies.  42 U.S.C. § 1997e(a).  Specifically, 42 U.S.C. § 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he ... exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted).

In addition, a prisoner must exhaust all available administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process. Booth v. Churner, 532 U.S. 731 (2001).

Inmates are not required to specifically plead or demonstrate exhaustion in their complaints; instead, failure to exhaust is an affirmative defense that must be pled by the defendant. Jones v. Bock, 127 S.Ct. 910 (2007). Nevertheless, a district court has inherent power to dismiss a complaint which facially violates this bar to suit. See, e.g., Bock, 127 S.Ct. at 920-921 (referring to the affirmative defense of a statute of limitations bar); Lindsay v. Williamson, 271 Fed.Appx. 158, 159-160, 2008 WL 902984, *1 (3d Cir. 2008); Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).

Here, Plaintiff states affirmatively that he has not exhausted his administrative remedies against the Fort Dix Defendants. In the Complaint, he answered "No" to the question "I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6," and provided the following further explanation.

6

> THE ADMINISTRATIVE REMEDY PROCESS WILL NOT AID IN THE DECISIONAL MAKING PROCESS OF THIS §1331 LAW SUIT.  DUE TO THE MONETARY DAMAGES REQUESTED THE PLAINTIFF KNOWS THAT THE ADMINISTRATIVE REMEDY PROCESS WILL NOT PRODUCE A FAIR RESOLUTION.  ALSO DUE TO THE FACT THAT ST. FRANCIS MEDICAL CENTER IS A PART OF THIS CIVIL COMPLAINT.  THE JURY WILL HAVE TO PROVIDE A VERDICT.

Complaint, ¶ 5.

The Bureau of Prisons Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."[2]  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's

---

[2] "This rule does not require the inmate to file under the Administrative Remedy Program before filing under statutorily-mandated procedures for tort claims (see 28 CFR 543, subpart C), Inmate Accident Compensation claims(28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D),[ or other statutorily-mandated administrative procedures]."  67 F.R. 50804-01, 2002 WL 1789480 (August 6, 2002).

General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.[3]  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

Here, administrative remedies clearly were available to Plaintiff, as he acknowledges in the Complaint.  Because of his failure to exhaust those administrative remedies, the Eighth Amendment claims against the Fort Dix Defendants must be dismissed without prejudice for failure to state a claim.

Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).

---

[3] Response times for each level of review are set forth in 28 C.F.R. § 542.18.

Here, this Court has determined that all federal claims against the Fort Dix Defendants must be dismissed.  As no extraordinary circumstances appear to be present, this Court will dismiss without prejudice the state law medical malpractice claim against St. Francis Medical Center.

## V.  CONCLUSION

For the reasons set forth above, the Complaint must be dismissed without prejudice.  Plaintiff cannot correct the deficiencies in his pleading at this time.  Accordingly, Plaintiff will not be granted leave to file an amended complaint.  An appropriate order follows.


At Camden, New Jersey               s/Noel L. Hillman
                                    Noel L. Hillman
                                    United States District Judge

Dated: August 6, 2008